.Robert E. GREENE, Acting Regional Director of the First Region of the National Labor Relations Board, for and on behalf of the NATIONAL LABOR RELATIONS BOARD, Petitioner,

v.

UNITED PACKINGHOUSE FOOD AND ALLIED WORKERS, AFL–CIO, and United Packinghouse Workers of America, AFL–CIO, Local 575, Respondents.

Civ. A. No. 61–910.

United States District Court
D. Massachusetts.

Dec. 4, 1961.

Robert Greene, Acting Regional Director, N. L. R. B., Laurence A. Miller, George Norman, Washington, D. C., for plaintiff.

Frederick Cohen, Boston, Mass., for defendants.

JULIAN, District Judge.

This cause came on to be heard upon the verified petition of Robert E. Greene, Acting Regional Director of the First Region of the National Labor Relations Board (herein called the Board), for a temporary injunction pursuant to Section 10($l$) of the National Labor Relations Act, as amended (herein called the Act), 29 U.S.C.A. § 160($l$), pending the final disposition of the matters involved herein pending before the Board, and upon the issuance of an order to show cause why injunctive relief should not be granted as prayed in said petition. On November 24, 1961, the court issued a temporary restraining order, which was to be effective for five days, and an order to show cause why a temporary injunction should not be granted. The respondents filed an answer to the petition on November 29, 1961, and a hearing on the issues raised by the petition and answer was duly held beginning on November 30, 1961. All parties were afforded full opportunity to be heard, to examine and cross-examine witnesses, to present evidence bearing on the issue, and to argue on the evidence and the law. The court has fully considered the petition, answer, evidence, arguments, and briefs of counsel. Upon the entire record, the court makes the following:

### Findings of Fact

1. Petitioner is Acting Regional Director of the First Region of the Board, an agency of the United States, and filed the petition herein for and on behalf of the Board.

2. On or about November 20, 1961, Sioux City Dressed Beef Co., Division of Needham Packing Co. and C & R Beef Co., Inc., (herein called Sioux City and C & R, respectively), pursuant to the provisions of the Act, filed separate charges

with the Board, alleging that United Packinghouse Food and Allied Workers, AFL–CIO, and United Packinghouse Workers of America, AFL–CIO, Local 575 (herein called International and Local, respectively, and respondents, collectively), labor organizations, have engaged in, and are engaging in, unfair labor practices within the meaning. of Section 8(b) (4) (i) and (ii), subparagraph (B) of the Act, 29 U.S.C.A. § 158 (b). (4) (i, ii) (B).

3. The aforesaid charges were referred to petitioner as Acting Regional Director of the First Region of the Board.

4. There is, and petitioner has, reasonable cause to believe that:

(a) Respondents, unincorporated associations, are organizations in which employees participate and which exist for the purpose, in whole or in part, of dealing with employers concerning grievances, labor disputes, wages, rates of pay, hours of employment, or conditions of work.

(b) Respondent Local maintains its principal offices at Boston, Massachusetts' and at all times material herein both respondents have been engaged within this judicial district in transacting business and in promoting and protecting the interests of their employee members and of members of affiliated organizations.

(c) Sioux City is engaged at Sioux City, Iowa, in the processing and/or wholesale distribution of meat and meat products. In the operation of its business, Sioux City annually ships meat and meat products outside the State of Iowa valued at in excess of $50,000.

(d) C & R is engaged at Boston, Massachusetts, in the sale and distribution of meat and meat products, and annually receives from points outside the Commonwealth of Massachusetts goods, materials or products valued at over $50,-000.

(e) Lincoln Beef Company, United Beef Company, Kadish & Milman, Somerville Beef and Gertman Meat Company (herein called Lincoln, United, Kadish, Somerville and Gertman, respectively) each is engaged at Boston, Massachusetts, in the sale and distribution of meat and meat products and in the course of their business each receives goods, materials and products originating at points outside the Commonwealth of Massachusetts.

(f) Sam Willins Loading Co. and A. B. C. Contractors (herein called Willins and A. B. C., respectively) each is engaged at Boston, Massachusetts, pursuant to agreements with C & R, Somerville, Kadish, and United, among others, in moving meat and meat products from railroad freight cars into premises of C & R, Somerville, Kadish, and United, among others.

(g) In the course of its business Sioux City regularly sells meat and meat products to C & R, United, Somerville and Kadish, among others.

(h) Since on or about and prior to November 1, 1960, respondents and a labor organization affiliated with respondents, specifically Local 721, United Packinghouse Workers of America, have had a labor dispute with Sioux City.

(i) Respondents, or either of them, is or are the collective bargaining representatives of the employees of C & R, United, Kadish and Gertman, among others.

(j) At no time material herein have respondents had any labor dispute with C & R, Lincoln, United, Kadish, Somerville, Gertman, Willins or A. B. C.

(k) In furtherance of the aforesaid labor dispute with Sioux City, referred to in Findings of Fact 4(h) above, respondents, on or about and after November 1, 1961, threatened C & R that unless it ceased doing business with Sioux City, respondents would take reprisal against C & R when respondents negotiate with C & R for a renewal of its current collective bargaining agreement. C & R refused to accede to respondents' demands.

(l) Also in furtherance of the aforesaid labor dispute with Sioux City, referred to in Findings of Fact 4(h) above, respondents, on or about and after November 1, 1961, demanded that C & R

and Somerville cease doing business with Sioux City.

(m) Also in furtherance of the aforesaid dispute with Sioux City, referred to in Findings of Fact 4(h) above, respondents, since on or about November 13, 1961, orally induced or encouraged the employees of C & R to respect a picket line respondents then intended to institute, and as hereinafter set forth thereafter did institute, at the premises of C & R and Lincoln and to put pressure on their employers to cease doing business with Sioux City.

(n) Also in furtherance of the aforesaid dispute with Sioux City, referred to in Findings of Fact 4(h) above, respondents, since on or about November 20, 1961, picketed the premises of C & R and Lincoln.

(o) The picketing of the premises occupied by C & R and Lincoln was not in furtherance of a labor dispute between the respondents and Lincoln.

(p) At the premises of C & R and Lincoln the respondents were not engaged in a primary strike or primary picketing.

(q) As a result of respondents' acts and conduct, referred to in Findings of Fact 4(m) and (n) above, the employees of C & R, and other persons, refused to perform services for their employers; as a consequence thereof, prior to the issuance by this court of the temporary restraining order of November 24, 1961, C & R's plant was shut down and C & R, Lincoln, Willins and A. B. C. were unable to engage in their regular business.

(r) As a further consequence of respondents' conduct, referred to in Findings of Fact 4(m) and (n) above, large quantities of meat and meat products could not be moved, sold or distributed by C & R or Sioux City.

(s) By the acts and conduct set forth in Findings of Fact 4(k), (l), (m), (n) and (q) above, respondents have engaged in, and have induced and encouraged individuals employed by C & R, Lincoln, and by other persons engaged in commerce or in industries affecting commerce, to engage in, strikes or refusals in the course of their employment to use, manufacture, process, transport, or otherwise handle or work on goods, articles, materials, or commodities or to perform services, and have threatened, coerced or restrained C & R, United, Somerville, Willins and A. B. C.

(t) Objects of the acts and conduct of respondents, set forth in Findings of Fact 4(k), (l), (m), (n), (q) and (s) above, were and are to force or require Willins and A. B. C. to cease doing business with C & R and United, and to force or require C & R, Lincoln, United, Kadish, Somerville, Gertman, and other persons, to cease using, selling, handling, transporting or otherwise dealing in the products of and to cease doing business with Sioux City.

(u) The acts and conduct of respondents, set forth in Findings of Fact 4(k), (l), (m), (n), (q), (s) and (t) above, occurring in connection with the operations of Sioux City, C & R, United, Lincoln, Kadish, Somerville, Gertman, Willins and A. B. C., have a close, intimate, and substantial relation to trade, traffic, and commerce among the several States and tend to lead to and do lead to labor disputes burdening and obstructing commerce and the free flow of commerce.

5. It may fairly be anticipated that, unless enjoined, respondents will continue and repeat the acts and conduct set forth in Findings of Fact 4(k), (l), (m), (n), (q), (s) and (t) above, or similar or like acts and conduct.

### Conclusions of Law

1. This court has jurisdiction of the parties and of the subject matter of this proceeding, and under Section 10(l) of the Act is empowered to grant injunctive relief.

2. There is, and petitioner has, reasonable cause to believe that:

(a) Respondents are labor organizations within the meaning of Sections 2 (5), 8(b) and 10(l) of the Act, 29 U.S. C.A. §§ 152(5), 158(b), 160(l).

(b) Sioux City and C & R are engaged in commerce within the meaning of Sections 2(6) and (7) of the Act.

(c) United, Lincoln, Kadish, Somerville, Gertman, Willins and A. B. C. are engaged in commerce or an industry affecting commerce.

(d) Respondents have engaged in unfair labor practices within the meaning of Section 8(b) (4) (i) and (ii), subparagraph (B) of the Act, affecting commerce within the meaning of Sections 2(6) and (7) of the Act, and a continuation of these practices will impair the policies of the Act as set forth in Section 1(b), 29 U.S.C.A. § 141(b), thereof.

3. To preserve the issues for orderly determination as provided in the Act, it is appropriate, just and proper that, pending the final disposition of the matters herein involved now before the Board, respondents, their officers, representatives, agents, servants, employees, attorneys, and all members and persons acting in concert or participation with them, be enjoined and restrained from the commission, continuation or repetition of the acts and conduct set forth in Findings of Fact 4(k), (*l*), (m), (n), (q), (s) and (t) above, or acts or conduct in furtherance or support thereof.